UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

THOMAS WOODRUFF, KEITH ADAMS,
THOMAS REIDY and IVAN HANSEN

                            Plaintiffs,

v.

SYSCO CORPORATION and
SYSCO PITTSBURGH, LLC,

                            Defendants.

**REPORT AND RECOMMENDATION**

13-CV-00458(A)(M)

_____

        This action has been referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings, including preparation of a Report and Recommendation on dispositive motions [14]. Before me are defendants' motion pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6) to dismiss the Complaint [4][1] and plaintiffs' cross-motion for leave to amend the Complaint [15]. Following oral argument of the motions on August 21, 2013 [25], pursuant to Rule 56(f)(3), I issued an Order [26] directing the parties to address whether any genuine issues of material fact exist which would permit plaintiffs' previously asserted and proposed amended causes of action to survive summary judgment.

        For the following reasons, I recommend that summary judgment be granted in favor of defendants.

**BACKGROUND**

        Plaintiffs were employed by Sysco Jamestown LLC ("Sysco Jamestown") as driver associates and were members of the Teamsters Union, Local 264 ("Local 264").

---

[1]     Bracketed references are to CM/ECF docket entries.

Complaint [1], ¶7; Proposed Amended Complaint [15-3], ¶14. In connection with the closure of Sysco Jamestown's operations, the Local 264 and Sysco Food Service of Jamestown, New York entered into a Warehouse Closing Agreement ("Closing Agreement") on April 23, 2009 [5-1], which provided, in relevant part, that those employees accepting employment as driver associates with "Sysco Food Services of Pittsburgh at a shuttle location in the Erie, Pennsylvania area . . . . shall be covered by the collective bargaining agreement between Sysco Food Services of Pittsburgh and its Union". Id., p. 3 of 5, ¶5.[2]  The Closing Agreement further provided that the Collective Bargaining Agreement between the Teamsters and Sysco Food Services of Jamestown, New York would be terminated on May 22, 2009.  Id., p. 4 of 5, ¶6.

Prior to the execution of the Closing Agreement, plaintiffs received written offers of employment from defendant Sysco Pittsburgh, LLC ("Sysco Pittsburgh"), which stated that their wage rate would be "Per the Collective Bargaining Agreement"; their retirement benefits would be "under the terms of the Collective Bargaining Agreement"; and their vacation would be "earned in accordance with the Collective Bargaining Agreement".  [15-2], p. 12 of 14.  During the relevant time period, a Collective Bargaining Agreement existed between Sysco Food Services of Pittsburgh, LLC and the United Food and Commercial Workers International Union, AFL-CIO, CLC Local 23 ("UFCW") [5-2].

Plaintiffs allege that Sysco Pittsburgh "offered employment to Jamestown employees on the . . . condition, that those persons would have to waive their rights to their benefits under the [Closing Agreement]" and that "[i]n return, the Jamestown employees who

---

[2]     The authenticity of the relevant documents is not disputed.  August 21, 2013 Order [26], p. 2, n. 2.

went to work for Pittsburgh would maintain seniority and would be paid at a rate commensurate with that seniority". Proposed Amended Complaint [15-3], ¶¶26-27. They further allege that in reliance upon these representations, they accepted this offer and commenced employment with Sysco Pittsburgh on or about April 27, 2009. Id., ¶28; Complaint [1-3], ¶12.

Although plaintiffs initially continued to receive wages and benefits in accordance with their previously recognized years of service with Sysco Jamestown (Complaint [1-3], ¶13), their new union, the UFCW, filed a grievance with Sysco Pittsburgh, objecting "to the recognition of past service of the Plaintiffs with [Sysco Jamestown], as it related to their wages and benefits". Id., ¶14. An arbitration concerning that grievance was conducted before Arbitrator William J. Miller, Jr., who concluded in an April 2, 2010 Arbitration Opinion and Award [5-4], that Sysco Pittsburgh "violated the terms of [its Collective Bargaining Agreement] when it paid drivers hired after April 5, 2003 at the full rate of pay" (id., p. 14), since Article 8.1 of the Collective Bargaining Agreement specifies that "seniority rights begin after an employee completes the probationary period . . . Also, appendix A clearly provide employees hired on or after April 5, 2003 shall be paid in accordance with the progression schedule". Id., p. 13.

Plaintiffs commenced this action in State of New York Supreme Court, County of Chautauqua on March 12, 2013, asserting causes of action for breach of contract, promissory estoppel and false representation. The action was removed to this Court on grounds of federal question and diversity jurisdiction, and defendants moved to dismiss the Complaint on the grounds that the plaintiffs' causes of action were preempted by the Labor Management Relations Act. In response to that motion, plaintiffs cross-moved for leave to amend the Complaint. The

proposed Amended Complaint [15-3] asserts causes of action for successor liability, unjust enrichment, promissory estoppel and misrepresentation/fraud in the inducement.

Immediately following oral argument on the parties' motions, I issued an Order [26] pursuant to Rule 56(f)(3), asking the parties to address "whether there is a genuine issue of material fact as to any of plaintiffs' previously asserted or proposed amended causes of action, in view of:

- - the statement in the Closing Agreement that employees electing to accept employment though the Erie, Pennsylvania facility 'shall be covered by the collective bargaining agreement between Sysco Food Services of Pittsburgh and its Union' ([5-1], ¶5);

- - the provisions of §8.1 and Appendix A of that collective bargaining agreement [5-2], defining how seniority and wage rates will be calculated; and

- - the language of plaintiffs' offer letters ([15-2], p. 12 of 14) stating that the wage rate will be 'Per the Collective Bargaining Agreement'." [26], pp. 1-2.[3]  I advised the parties that "in view of these statements I fail to see at this point how plaintiffs could have reasonably relied on any alleged assurances that their seniority accrued at Sysco Jamestown LLC would be transferable to their employment at Sysco Pittsburgh, LLC, or how such assurances would create enforceable rights". Id., p. 2.

In response to my Order, plaintiffs have each submitted affidavits stating that in accepting employment with Sysco Pittsburgh, they were led to believe that they would maintain their seniority, and were not informed of the UFCW's opposition to this before accepting

---

[3] My Order [26] also directed defendant Sysco Pittsburgh to identify its members and their citizenships (id., p. 2).   Having reviewed that submission [27], I conclude that diversity jurisdiction exists.

employment with Sysco Pittsburgh. Woodruff Affidavit [29], ¶¶27, 30, 37; Adams Affidavit [30], ¶¶27, 30, 37; Reidy Affidavit [31], ¶¶27, 30, 37; Hansen Affidavit [32], ¶¶27, 30, 37. The plaintiffs uniformly also state: "I did not know the terms of the [Closing Agreement], had not been provided with a copy of the [Closing Agreement] and had never seen that Agreement before the offer was made to me by Pittsburgh for employment." Woodruff Affidavit [29], ¶19; Adams Affidavit [30], ¶19; Reidy Affidavit [31], ¶19; Hansen Affidavit [32], ¶19.[4]

## ANALYSIS

### A.     Summary Judgment Standard

The standard to be applied on a motion for summary judgment in this Circuit is well settled. "Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . . Summary judgment is improper if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party." Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003).

### B.     Have Plaintiffs Raised a Triable Issue of Fact as to Whether they Reasonably Relied on Sysco Pittsburgh's Oral Representations?

Although a number of causes of action have been asserted, plaintiffs acknowledge that this case fundamentally "deal[s] with matters alleging fraudulent inducement". Plaintiffs'

---

[4]     Plaintiffs also submit affidavits from non-parties, Richard Joses [33] and Dennis Bentley [34], which confirm their representations.

Memorandum of Law in Opposition to Summary Judgment [35], p. 5.  "Under New York law, reasonable reliance is an essential element of fraudulent inducement." <u>Psenicska v. Twentieth Century Fox Film Corp.</u>, 409 Fed.Appx. 368, 371, 2009 WL 3824873, *2 (2d Cir. 2009).[5]

   Where "the facts represented are not matters peculiarly within the party's knowledge, and the other party has the means available to him of knowing, by the exercise of ordinary intelligence, the truth, or the real quality of the subject of the representation, he must make use of those means, or he will not be heard to complain that he was induced to enter into the transaction by misrepresentations". <u>Danann Realty Corp. v. Harris</u>, 184 N.Y.S.2d 599, 603 (1959). *See also* <u>Frigitemp Corp. v. Financial Dynamics Fund, Inc.</u>, 524 F.2d 275, 282 (2d Cir. 1975) ("[I]f the plaintiff has been furnished with the means of knowledge and he is not prevented from using them he cannot say that he has been deceived by the misrepresentations of the other party"); <u>Lazard Freres & Co. v. Protective Life Insurance Co.</u>, 108 F.3d 1531, 1542 (2d Cir.), <u>cert</u>. <u>denied</u>, 522 U.S. 864 (1997) ("Where the representation relates to matters that are not peculiarly within the other party's knowledge and both parties have available the means of ascertaining the truth, New York courts have held that the complaining party should have discovered the facts and that any reliance under such circumstances therefore would be unjustifiable").

   This rule has been applied by New York courts "even in the absence of a merger clause or disclaimer provision", and "even where the oral representation was not explicitly contradicted by the contract".  <u>Direct Wireless, LLC v. Verizon Wireless Personal Communications, LP</u>, 2009 WL 1976487, *3  (S.D.Miss. 2009) (applying New York law).

---

   [5]  Both parties have both relied on New York law.

See also Clanton v. Vagianelis, 187 A.D.2d 45, 48 (3d Dep't. 1993); Bango v. Naughton, 184 A.D.2d 961, 963 (3d Dep't. 1992) ("[W]here . . . an express provision in the written contract contradicts the claimed oral representations in a meaningful fashion. In such event, the conflict between the provisions of the written contract and the oral representations negates the claim of reliance upon the latter").

"In assessing the reasonableness of a plaintiff's alleged reliance, we consider the entire context of the transaction, including factors such as its complexity and magnitude, the sophistication of the parties, and the content of any agreements between them." Emergent Capital Investment Management, LLC v. Stonepath Group, Inc., 343 F.3d 189, 195 (2d Cir. 2003).

Without citing any supporting case law,[6] plaintiffs argue that "[i]f they had no knowledge that the [Closing Agreement] provided that the Pittsburgh collective bargaining agreement would cover terms of their employment, it then becomes clear how they could have been misled by the statements of Pittsburgh's management and agents". Plaintiffs' Memorandum of Law in Opposition to Summary Judgment [35], p. 3. Even accepting plaintiffs' representations that they had no knowledge that the Closing Agreement provided that their employment with Sysco Pittsburgh would be governed by its Collective Bargaining Agreement, plaintiffs do not deny knowledge of the existence of the Closing Agreement or that they had the means to access it and to learn its terms. In fact, they each concede: "I did learn from my union at Jamestown the general terms of the Agreement; i.e. I knew that I was entitled to certain

---

[6] The only case law plaintiffs cite to in their Memorandum of Law [35] submitted in response to my Rule 56(f)(3) Order addresses the well-settled summary judgment standard.

payouts related to the termination of my employment." Woodruff Affidavit [29], ¶13; Adams Affidavit [30], ¶13; Hansen Affidavit [32], ¶13; Reidy Affidavit [31], ¶13.

Moreover, plaintiffs' offers of employment from Sysco Pittsburgh expressly stated that their new employment would be governed by Sysco's Pittsburgh's Collective Bargaining Agreement.[7] "Under New York law, a paper referred to in a written instrument and sufficiently described may be made a part of the instrument as if incorporated into the body of it . . . . [A] party's failure to read a duly incorporated document will not excuse the obligation to be bound by its terms" where it is "clearly identified in the agreement". PaineWebber Inc. v. Bybyk, 81 F.3d 1193, 1201 (2d Cir. 1996).

Therefore, I conclude that plaintiffs could not have reasonably relied upon the alleged oral representations of Sysco Pittsburgh, the falsity of which plaintiffs could have readily uncovered by an examination of the Closing Agreement and/or Sysco Pittsburgh's Collective Bargaining Agreement.[8]

---

[7] Plaintiffs do not allege (nor could they) that they understood this to be Sysco Jamestown's Collective Bargaining Agreement. See Palancia v. Roosevelt Raceway, Inc., 551 F.Supp. 549, 553 (E.D.N.Y. 1982), aff'd, 742 F.2d 1432 (2d Cir. 1983) ("Union members are charged with knowledge of the contents of their collective bargaining agreement").

[8] I also question whether plaintiffs sustained any injury by accepting employment with Sysco Pittsburgh. Although they allege that by accepting employment with Sysco Pittsburgh they gave up their severance package with Sysco Jamestown (Complaint [1-3], ¶8), this claim is not supported by the Closing Agreement, which states that only those employees "who have *not been* offered positions with either Sysco Foods of Syracuse or Sysco Food Services of Pittsburgh shall be entitled to [certain] benefits", including severance pay. [5-1], p. 2 of 5, ¶1 (emphasis added). Since plaintiffs were offered positions with Sysco Pittsburgh, it does not appear that they would be eligible for severance pay if they had rejected Sysco Pittsburgh's offer of employment.

**CONCLUSION**

For these reasons, I recommend that summary judgment be granted in favor of defendants, and that defendants' motion to dismiss [4] and plaintiffs' cross-motion for leave to amend [15] be denied as moot. Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by April 17, 2014 (applying the time frames set forth in Rules 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Arcara. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: March 31, 2014

                                /s/ Jeremiah J. McCarthy
                                JEREMIAH J. MCCARTHY
                                United States Magistrate Judge